STATE OF CONNECTICUT *v.*
CHARLES GAMER, JR.
(SC 20771)

Robinson, C. J., and D'Auria, Mullins, Ecker,
Alexander, Dannehy and Alvord, Js.

Argued October 20—officially released December 5, 2023

*Procedural History*

Information charging the defendant with violation of probation, brought to the Superior Court in the judicial district of Stamford-Norwalk, geographical area number twenty, where the case was tried to the court, *McLaughlin, J.*; judgment revoking the defendant's probation, from which the defendant appealed to the Appellate Court, *Bright, C. J.*, and *Moll* and *Pellegrino, Js.*, which affirmed the trial court's judgment, and the defendant, on the granting of certification, appealed to this court. *Appeal dismissed.*

*James B. Streeto*, senior assistant public defender, with whom, on the brief, was *Meaghan Kirby*, for the appellant (defendant).

*Laurie N. Feldman*, assistant state's attorney, with whom, on the brief, were *Suzanne M. Vieux*, supervisory assistant state's attorney, and *Elizabeth Moran*, former assistant state's attorney, for the appellee (state).

State *v.* Gamer

*Opinion*

PER CURIAM. The defendant, Charles Gamer, Jr., appeals from the judgment of the Appellate Court, which affirmed the judgment of the trial court revoking his probation pursuant to General Statutes § 53a-32 and sentencing him to three years of incarceration. See *State* v. *Gamer*, 215 Conn. App. 234, 236–37, 249, 283 A.3d 16 (2022). On appeal to the Appellate Court, the defendant claimed that (1) there was insufficient evidence to support the trial court's finding that he wilfully failed to pay restitution, and (2) the trial court had abused its discretion by imposing a term of imprisonment. Id., 236. The Appellate Court rejected these claims, concluding that there was sufficient evidence to support the trial court's finding that the defendant wilfully failed to make restitution because he had not made bona fide efforts to pay the restitution and that the trial court had not abused its discretion in revoking his probation and imposing a term of incarceration. See id., 236–37, 246–47. We granted the defendant's petition for certification to appeal, limited to the following issues: (1) "Did the Appellate Court err in failing to reverse the trial court's judgment revoking the defendant's probation on the ground that the evidence was insufficient to establish that the defendant's failure to pay restitution was wilful?" And (2) "[d]id the Appellate Court correctly conclude that the trial court had not abused its discretion in imposing a term of imprisonment for the defendant's violation of probation rather than some lesser sanction?" *State* v. *Gamer*, 345 Conn. 920, 284 A.3d 984 (2022).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.